1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9   Napoleon Gebrewold,                    )   No. CV-12-559-PHX-FJM (LOA)
                                           )
10                        Petitioner,      )   **REPORT AND RECOMMENDATION**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Katrina Kane, et al.,                  )
13                                         )
                          Respondents.     )
14                                         )
                                           )
15  ─────────────────────────────────────
16          On July 25, 2012, Respondents filed a Motion to Dismiss Petitioner's 28 U.S.C. §
17  2241 habeas corpus action on the ground that it is moot in view of Petitioner's release from
18  custody. (Doc. 14)  Petitioner was ordered to file a Response. (Doc. 15)  On July 30, 2012,
    the Court's order was returned as "unclaimed" with the word "released" on the envelope.
19  (Doc. 16)  No response has been filed.
20  **I. Background and Procedural History**
21          Petitioner is a 48-year old native and citizen of Ethiopia. (Doc. 1 at 1) He was
22  admitted into the United States in 2005 as a legal permanent resident. (*Id.*)  In 2010, he was
23  convicted of possession of a controlled substance in California and sentenced to 33 days
24  incarceration. (*Id.* at 2) Following multiple proceedings related his bond hearing, the
25  immigration judge ultimately held that he was not eligible for a bond hearing because
26  Petitioner's controlled substance conviction subjected Petitioner to mandatory detention.
27  (*Id.*)
28

1      Petitioner requested in his habeas petition that the Court provide him with a custody

2 redetermination hearing in front of a neutral magistrate judge who had the authority to grant

3 Petitioner bond. Petitioner sought immediate release from immigration custody unless he

4 was granted a custody redetermination hearing. (*Id.* at 3) On November 28, 2011, Petitioner

5 applied to the Department of Homeland Security for humanitarian parole based on his

6 diagnosis of schizoaffective disorder. (*Id.*) Although the Department of Homeland Security

7 denied his request, on July 10, 2012, by order of an immigration judge, Petitioner's

8 (Respondent in that action) request for humanitarian parole was granted. (Doc. 14-1)

9      Thereafter, Respondent filed the pending Motion to Dismiss for Mootness. (Doc. 14)

10 **II. Mootness**

11      Writ of habeas corpus relief extends to a person in custody under the authority of the

12 United States. *See* 28 U.S.C. § 2241. Federal courts, however, are courts of limited

13 jurisdiction, and as such "possess only that power authorized by Constitution and statute,

14 which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

15 511 U.S. 375, 377 (1994) ( citations omitted).

16      "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

17 jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S.

18 388, 395 (1980); *see also PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). An actual case

19 or controversy must exist at all stages of judicial review. *Ortez v. Chandler*, 845 F.2d 573,

20 574-575 (5th Cir. 1988) (holding that no case or controversy existed where movant, who

21 challenged his bond determination, had been deported because the relief he requested —

22 reduction of his bond — could no longer be effected.) This limitation restricts the

23 jurisdiction of the federal courts to cases where there is a possible judicial resolution.

24 *Geraghty*, 445 U.S. at 395. This Court lacks jurisdiction to review moot issues. *Gator.com*

25 *Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (stating that "[i]t is an

26 inexorable command of the United States Constitution that the federal courts confine

27 themselves to deciding actual cases and controversies."). A moot action is not subject to a

28

1  judicial resolution. An action is moot when the parties lack a legally cognizable interest in

2  the outcome. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985).

3  **III. Discussion**

4       In his § 2241 Petition, Petitioner argues that he is entitled to immediate release from

5  custody because "his detention by Respondents is contrary to law and unconstitutional[.]"

6  (Doc. 1 at 10) The Court agrees with Respondent that because Petitioner has been granted

7  the relief he requested and has been released from custody, his Petition for Writ Habeas

8  Corpus is moot. *See, e.g.,Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding

9  that because petitioner only requested release from custody, and had been released, petition

10 was properly dismissed because the court could provide no further relief); *Nhat Phan v.*

11 *Kane*, 2012 WL 996538 (D. Ariz. March 5, 2012), *report and recommendation adopted by*

12 *Nhat Phan v. Kane*, 2012 WL 996529 (D. Ariz. March 26, 2012).

13       Accordingly,

14       **IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc.

15 1) be **DENIED** as moot.

16       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

17 to proceed *in forma pauperis* on appeal be **DENIED**.

18       This recommendation is not an order that is immediately appealable to the Ninth

19 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

20 Appellate Procedure, should not be filed until entry of the District Court's judgment. The

21 parties shall have (14) fourteen days from the date of service of a copy of this

22 recommendation within which to file specific written objections with the Court. 28 U.S.C.

23 § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties

24 have  (14) fourteen within which to file a response to the objections. Failure timely to file

25 objections to the Magistrate Judge's Report and Recommendation may result in the

26 acceptance of the Report and Recommendation by the District Court without further review.

27 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file

28 objections to any factual determinations of the Magistrate Judge will be considered a waiver

of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. Rule 72, Federal Rules of Civil Procedure.

Dated this 2nd day of August, 2012.

Lawrence O. Anderson
United States Magistrate Judge